UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAYTON SULLIVAN,<br><br>           Plaintiff,<br><br>     v.<br><br>ADULT CORRECTIONAL HEALTH CARE, et al.,<br><br>           Defendants. | No.  2: 22-cv-1572 KJN P<br><br><br>ORDER |

     Plaintiff is a state prisoner, proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

     Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis is granted.

     Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.  These

payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

1  quotations marks omitted). In reviewing a complaint under this standard, the court must accept as
2  true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the
3  pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236
4  (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Named as defendants are Adult Correctional Healthcare, Sacramento County Sheriff's Department and Sacramento County. Plaintiff alleges that defendant Adult Correctional Healthcare is the medical provider at the Sacramento County Jail.

Plaintiff alleges that in July-August 2020, defendant Adult Correctional Healthcare requested and received plaintiff's medical records from Pelican Bay State Prison. On December 24, 2021, plaintiff was booked into the Sacramento County Jail. At that time, plaintiff requested a CPAP device. Plaintiff was told that there were no records of plaintiff using a CPAP device. Plaintiff was told that he would have to see the doctor. In January 2021, the doctor saw plaintiff's records for the CPAP device. The doctor said they would order the CPAP device and it would take six to eight weeks to arrive.

Plaintiff alleges that on January 14, 2021, the sentencing judge ordered a medical evaluation for plaintiff. Defendant Adult Correctional Healthcare told plaintiff that there was no medical record indicating that plaintiff used a CPAP device. After filing a grievance, on February 22, 2022, plaintiff was told that "they" have had plaintiff's records since 2020. "They" asked if plaintiff had a CPAP device. Plaintiff stated that his CPAP device was stolen. Plaintiff was told that unless he could provide one or pay for one, a CPAP device would not be provided. On March 16, 2022, plaintiff received a device but it was the wrong device. Plaintiff alleges that he lived in fear of death every night as a result of not having a CPAP device.

Plaintiff's complaint contains three claims for relief.

In claim one, plaintiff alleges that defendant Adult Correctional Healthcare violated "prisoner's medical rights" by failing to provide plaintiff with a CPAP device. The undersigned construes this claim as alleging a violation of plaintiff's constitutional right to adequate medical care. Plaintiff also alleges that defendant Adult Correctional Healthcare violated the Americans with Disabilities Act ("ADA") and Mays v. Sacramento County by failing to provide him with a

3

CPAP device.

In claim two, plaintiff alleges that defendant Sacramento County Sheriff's Department violated "prisoner's medical rights," the ADA and Mays v. Sacramento County. Plaintiff alleges that defendant Sacramento County Sheriff's Department was aware of plaintiff's medical issues.

In claim three, plaintiff alleges that defendant Sacramento County violated "prisoner's medical rights," the ADA and Mays v. Sacramento County. Plaintiff alleges that defendant Sacramento County owns the mail jail and Rio Consumes Correction Center ("RCCC"). Plaintiff alleges that defendant Sacramento County is liable for the medical care and safety of inmates in their custody.

Plaintiff seeks money damages.

*Section 1983 Claims*

A claim for civil rights violations under 42 U.S.C. § 1983 requires allegations against a "person" who acted under color of state law. See 42 U.S.C. § 1983. Local governmental units, such as counties and cities, are considered "persons" within the meaning of Section 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 70 (1989). Local government sub-units, however, are not generally considered "persons" within the meaning of Section 1983. See Vance v. County of Santa Clara, 928 F. Supp. 993, 995-96 (N.D. Cal. 1996) (stating that "naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality" and dismissing the Santa Clara Department of Corrections from the action); see also Sanders v. Aranas, 2008 WL 268972, at *3 (E.D. Cal. Jan. 29, 2008) (finding that the Fresno Police Department cannot be sued under Section 1983 because it is a sub-division of the City of Fresno).

Pursuant to the case law set forth above, the undersigned finds that the Sacramento County Sheriff's Department is not a proper defendant because it is a subdivision of Sacramento County. Mullins v. County of Fresno, 2021 WL 5304015, at *3 (E.D. Cal. Nov. 15, 2021) (finding that the Fresno County Sheriff's Department, a subdivision of Fresno County, is not a proper defendant) (citing Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (affirming district court's dismissal of claims against a county sheriff's department); Brockmeier v. Solano County

Sheriff's Dept., 2006 WL 3760276, *4 (E.D. Cal. 2006) (finding that the Solano County Sheriff's Department was not a proper defendant on Section 1983 claims)).

It also appears that defendant Adult Correctional Healthcare is a municipal department. As such, defendant Adult Correctional Healthcare is not a proper defendant in a claim brought pursuant to Section 1983. Vance v. County of Santa Clara, 928 F.Supp. at 996.

Accordingly, plaintiff's claims pursuant to Section 1983 against defendants Sacramento County Sheriff's Department and Adult Correctional Healthcare are dismissed. The undersigned herein considers whether plaintiff has stated a potentially colorable claim for violation of plaintiff's constitutional rights against defendant Sacramento County based on plaintiff's alleged failure to receive a working CPAP device while plaintiff was housed at the Sacramento County Jail.

It appears that plaintiff was a convicted prisoner at the time of the alleged deprivations because he claims that PBSP sent his medical records to the Sacramento County Jail. Therefore, plaintiff's claims are based on the Eighth Amendment.[1]

Prison officials only act with deliberate indifference when the following two requirements are met: (1) the objective requirement that the deprivation be "objectively, sufficiently serious," and (2) the subjective requirement that the prison official had a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. at 833-834.

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted). To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Id. "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (internal quotations omitted).

---

[1] If plaintiff was not a convicted prisoner at the time of the alleged deprivations, he shall clarify this matter in an amended complaint.

Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, see Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978); however, a city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior, see Board of Cty. Comm'rs. of Bryan Cty. v. Brown, 520 U.S. 397, 403 (1997); Monell, 436 U.S. at 691. Local governing bodies therefore may be sued directly under § 1983 for monetary, declaratory or injunctive relief for the violation of federal rights. See Monell, 436 U.S. at 690.

To impose municipal liability under § 1983 for a violation of constitutional rights resulting from governmental inaction or omission, a plaintiff must show: "(1) that he possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation." Oviatt By and Through Waugh v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting City of Canton v. Harris, 489 U.S. 378, 389 (1989) (internal quotation marks omitted).

To state a potentially colorable Eighth Amendment claim against defendant Sacramento County, plaintiff must allege that he had a serious medical need requiring his use of a CPAP device. Plaintiff's complaint does not clearly allege why plaintiff needed the CPAP device. Accordingly, plaintiff's Eighth Amendment claim against defendant Sacramento County is dismissed.

To state a potentially colorable Eighth Amendment claim against defendant Sacramento County, plaintiff must also allege that he was denied a CPAP device pursuant to a policy of defendant Sacramento County that amounted to deliberate indifference to plaintiff's constitutional rights. For the following reasons, the undersigned finds that plaintiff has not pled sufficient facts demonstrating that he was denied a CPAP device pursuant to a policy of defendant Sacramento County that amounted to deliberate indifference.

Plaintiff alleges that when he requested a CPAP device following his arrival at the Sacramento County Jail in December 2021, his request was denied because there were no records of plaintiff's prior use of a CPAP device. Plaintiff alleges that his records from PBSP

demonstrated his prior use of a CPAP device. These allegations do not suggest that plaintiff was denied a CPAP device on or around December 2021 pursuant to a policy of defendant Sacramento County.

Plaintiff alleges that in January 2021, the doctor told plaintiff that he would have to wait six to eight weeks to obtain a CPAP device. This alleged delay in plaintiff's receipt of a CPAP device, as communicated to plaintiff by the doctor in January 2021, does not appear to have been pursuant to a policy of defendant Sacramento County.

Plaintiff alleges that in January 2021, defendant Adult Correctional Healthcare told plaintiff that there were no medical records indicating that plaintiff needed a CPAP device. These allegations do not suggest that plaintiff failed to receive a CPAP device in January 2021 pursuant to a policy of defendant Sacramento County.

Plaintiff alleges that in February 2022, in response to a grievance, he was told that a CPAP device would not be provided to him. Attached to plaintiff's complaint is a response to plaintiff's grievance requesting a CPAP device. The response, dated February 22, 2022, states,

> I have made a medical referral for you to be seen by the doctor so they can assess you for a CPAP machine at the jail. Since you have stated your CPAP machine was stolen, it cannot be brought in for you to currently use, nor would it be available for you upon your release.

(ECF No. 1 at 7.)

The response to plaintiff's grievance does not state that a CPAP device would not be provided to plaintiff. The response states that plaintiff could not use his own CPAP device because plaintiff did not possess the device as it was stolen. The response states that plaintiff would be referred to a doctor to assess his need for a CPAP device. The response does not demonstrate that plaintiff was denied a CPAP device pursuant to a policy of defendant Sacramento County.

Plaintiff has pled no facts suggesting that his receipt of the wrong device on March 16, 2022, was pursuant to a policy of defendant Sacramento County.

For the reasons discussed above, plaintiff's Eighth Amendment claim against defendant Sacramento County is dismissed.

*ADA*

The undersigned finds that plaintiff asserts a claim under Title II of the ADA. Only a "public entity" can be sued under Title II for violations. E.g., Burgess v. Carmichael, 37 Fed. Appx. 288, 292 (9th Cir. 2002). Here, only defendant Sacramento County would be a proper public entity defendant for such a claim. See Duvall v. Cnty. of Kitsap, 260 F.3d 1124, 1141 (9th Cir. 2001), as amended on denial of reh'g (Oct. 11, 2001).

A person alleging a violation of Title II of the ADA must show (1) he is a qualified individual with a disability; (2) he was excluded from participation in or denied the benefit of a public entity's services, programs, or activities, or the public entity otherwise discriminated against him; and (3) the exclusion, denial, or discrimination was by reason of his disability. Duvall, 260 F.3d at 1135. To recover monetary damages under Title II of the ADA, a plaintiff must establish intentional discrimination. See Ferguson v. City of Phoenix, 157 F.3d 668, 674 (9th Cir. 1998). "Intentional discrimination" in this context involves "deliberate indifference" to a disabled person's need for an accommodation. Duvall, 260 F.3d at 1138-39. To establish deliberate indifference, a plaintiff must show the public entity had knowledge a violation of the ADA was likely to occur and failed to act as a result of conduct involving an element of deliberateness. Lovell v. Chandler, 303 F.3d 1039, 1056 (9th Cir. 2002).

Plaintiff has not stated a potentially colorable ADA claim because he fails to plead sufficient facts demonstrating that he has a disability. Plaintiff does not specifically allege, for example, that he has sleep apnea so serious as to require his use of a CPAP machine.

Plaintiff has also not stated a potentially colorable ADA claim because he fails to allege that he was excluded from participation in or denied the benefit of defendant Sacramento County's services, programs, or activities based on his disability. Plaintiff also failed to allege facts demonstrating that his failure to receive a CPAP machine was a result of intentional discrimination.

For the reasons discussed above, plaintiff's ADA claim is dismissed.

////

////

*Mays v. Sacramento*

Plaintiff seeks money damages pursuant to Mays v. Sacramento, 2: 18-cv-2081 TLN KJN P ("Mays"). Mays is a class action lawsuit filed in this court challenging conditions of confinement at the Sacramento County Jail. Mays does not provide for an independent cause of action for damages. Accordingly, plaintiff's claim pursuant to Mays is dismissed. If plaintiff files an amended complaint, he shall not include a claim pursuant to Mays.

Conclusion

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff

is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

    3. Plaintiff's complaint is dismissed.

    4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

        a. The completed Notice of Amendment; and

        b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

    Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: September 28, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Sull1572.14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAYTON SULLIVAN,<br><br>             Plaintiff,<br><br>      v.<br><br>ADULT CORRECTIONAL HEALTH CARE, et al.,<br><br>             Defendants. | No. 2: 22-cv-1572 KJN P<br><br>NOTICE OF AMENDMENT |

     Plaintiff hereby submits the following document in compliance with the court's order filed_____.

_____      Amended Complaint
DATED:

                                       _____
                                       Plaintiff