UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAYTON SULLIVAN, | No. 2: 22-cv-1572 KJN P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| ADULT CORRECTIONAL HEALTH CARE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint. (ECF No. 13.) For the reasons stated herein, the undersigned recommends that plaintiff's Eighth Amendment claim against defendant Sacramento County be dismissed.

The only named defendant in the amended complaint is Sacramento County. Plaintiff alleges that while he was housed at the Sacramento County Jail, he was denied use of a CPAP machine for ninety days. Plaintiff alleges that during that time, he lived in fear of death. Plaintiff alleges that without use of the CPAP machine, he could have passed away or suffered organ damage. Plaintiff alleges that when he finally received a CPAP machine, it was broken.

As legal claims, plaintiff alleges that his failure to receive a CPAP machine violated the Americans with Disabilities Act ("ADA") and "medical care." The undersigned construes plaintiff's claim alleging denial of medical care as a claim for violation of the Eighth Amendment

1

right to adequate medical care.[1]

Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, see Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978); however, a city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior, see Board of Cty. Comm'rs. of Bryan Cty. v. Brown, 520 U.S. 397, 403 (1997); Monell, 436 U.S. at 691. Local governing bodies therefore may be sued directly under § 1983 for monetary, declaratory or injunctive relief for the violation of federal rights. See Monell, 436 U.S. at 690.

To impose municipal liability under § 1983 for a violation of constitutional rights resulting from governmental inaction or omission, a plaintiff must show: "(1) that he possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation." Oviatt By and Through Waugh v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting City of Canton v. Harris, 489 U.S. 378, 389 (1989) (internal quotation marks omitted).

Plaintiff does not allege that he failed to receive a CPAP machine pursuant to a policy of defendant Sacramento County. For this reason, plaintiff's amended complaint does not state a potentially colorable Eighth Amendment claim against defendant Sacramento County. Because plaintiff has been granted leave to amend, and it does not appear that he can cure this pleading defect, the undersigned recommends that plaintiff's Eighth Amendment claim be dismissed.

Plaintiff's claim that his failure to receive a CPAP violated the ADA states a potentially colorable claim for relief. The undersigned separately orders service of this claim.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall appoint a district judge to this action; and

////

---

[1] It appears that plaintiff was a convicted prisoner at the time of the alleged deprivations. For this reason, the undersigned construes the first amended complaint to raise an Eighth Amendment claim.

2

IT IS HEREBY RECOMMENDED that plaintiff's Eighth Amendment claim against defendant Sacramento County raised in the first amended complaint be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 11, 2023

_/s/ Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Sull1572.56