UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAYTON SULLIVAN,<br><br>          Plaintiff,<br><br>     v.<br><br>ADULT CORRECTIONAL HEALTH CARE, et al.,<br><br>          Defendants. | No.  2: 22-cv-1572 KJM KJN P<br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 11, 2023, the magistrate judge filed findings and recommendations, which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within fourteen days.  ECF No. 14.  Plaintiff filed objections.  ECF No. 17.

The magistrate judge recommended dismissal of plaintiff's Eighth Amendment claim against defendant Sacramento County, raised in the first amended complaint, alleging denial of the use of a CPAP machine for 90 days.  ECF No. 14 at 1-2.  The magistrate judge analyzed plaintiff's claim under the Eighth Amendment because plaintiff appeared to have been a

1

convicted prisoner at the time of the alleged deprivations. *See* ECF No. 9 at 5. The magistrate judge found plaintiff did not state a potentially colorable Eighth Amendment claim because plaintiff did not allege he received a CPAP machine based on a policy of Sacramento County. *Id.*; *Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (for the court to impose municipal liability under 42 U.S.C. § 1983, plaintiff must show municipality had policy amounting to deliberate indifference).

In his objections, plaintiff argues he was denied a CPAP machine according to a municipal policy. ECF No. 17 at 2. He claims the County has a policy to not provide or allow CPAP machines without medical records. *Id.* Plaintiff's objections could also be read to connect this specific alleged deprivation to a wider policy of delaying and denying medical treatment. *Id.* Plaintiff's objections also put forward new allegations about being subject to threats and reprisals for trying to obtain a CPAP machine. *Id.* at 3.

In the first amended complaint, plaintiff alleges, in July-August 2020, the County received medical records for plaintiff stating that he required use of a CPAP machine. ECF No. 13 at 3. Plaintiff alleges he was denied a CPAP machine at the Sacramento County Jail due to a "no records" policy that prevented medical devices being handed out without a doctor's order. *Id.* Plaintiff further alleges a doctor at the Sacramento County Jail could not locate the records sent to the jail in July-August 2020 showing his need for use of a CPAP machine. *Id.* at 3-4.

To the extent plaintiff challenges the alleged policy requiring a doctor's order for an inmate to receive a CPAP machine, this policy does not amount to deliberate indifference. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (to show deliberate indifference, a plaintiff must allege "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.").

Plaintiff may also be claiming he was denied a CPAP machine despite medical records stating he required use of a CPAP machine. In other words, plaintiff claims he was denied a CPAP machine, in violation of the alleged policy, rather than due to the alleged policy. These allegations do not state a potentially colorable Eighth Amendment claim against Sacramento County because they are not based on the County's policy. *Pearce*, 954 F.2d at 1474.

However, in light of the new arguments put forward in plaintiff's objections regarding Sacramento County's policy, the County's history of delaying or denying medical treatment and reprisals for requesting medical care, the court declines to adopt the magistrate judge's conclusion that plaintiff cannot cure the pleading defect. The court thus dismisses the constitutional claim against Sacramento County with leave to amend. Any amended complaint must be filed within thirty days of the filing date of this order.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis, except for the finding plaintiff is unable to cure the pleading defect.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed January 11, 2023, are adopted in full; and

2. Plaintiff's Eighth Amendment claim against defendant Sacramento County, raised in the first amended complaint, is dismissed with leave to amend. Any amended complaint regarding Sacramento County's policy and plaintiff's constitutional claim(s) must be filed within thirty days of the filing date of this order.

DATED: March 24, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE